

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*Nemours Building*  (302) 573-6277
*1007 N. Orange Street, Suite 700*  FAX (302) 573-6220
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

October 12, 2006

The Honorable Joseph J. Farnan, Jr.
U.S. District Judge
U.S. District Court
844 King Street
Wilmington, DE 19801

    Re:    **United States v. Anthony Omolewa**
           **Criminal Action No. 06-60-JJF**

Dear Judge Farnan:

      Christopher Koyste, counsel for the defendant, has informed me that his client will enter a guilty plea. The Court previously had scheduled a status conference for October 19, 2006, at 4:30 p.m., but stated that the conference could be converted to a plea hearing should the defendant decide to enter a guilty plea. Therefore, the parties respectfully request that the guilty plea hearing be held on October 19, 2006. A copy of the proposed Memorandum of Plea Agreement is attached.

                                Respectfully submitted,

                                COLM F. CONNOLLY
                              United States Attorney

                BY:      /s/
                              Beth Moskow-Schnoll
                              Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-60-JJF |
| ANTHONY OMOLEWA, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Anthony Omolewa, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Anthoney Omolewa, agrees to plead guilty to Count One of the Indictment which charges the defendant with mail fraud in violation of 18 U.S.C. § 1341 and carries a maximum penalty of 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (a) that on or about the dates set forth in the Indictment, the defendant devised a scheme to defraud or for obtaining money by false and fraudulent pretenses; and (b) that for the purpose of executing the scheme, the defendant used the mails or caused the mails to be used.

3. The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) in an effort to get money to which he knew that he was not entitled, between on or about February 8, 2003, and on or about January 27, 2005, the defendant submitted over 50 fraudulent time sheets claiming that he had worked at Nationwide Provident when he had not worked at Nationwide Provident; (b) the defendant submitted each time sheet via facsimile from Delaware to Checks & Balances in Manassas, Virginia; and (c) after receiving each fraudulent time sheet, Checks & Balances paid the defendant for the time he submitted by mailing a paycheck to the defendant at his home address in Delaware.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The parties hereby agree that U.S.S.G. § 2B1.1 is applicable to the offense to which the defendant is pleading guilty and further agree and stipulate that, for purposes of calculating the sentencing guideline range, the loss caused by the offense, including relevant conduct pursuant to U.S.S.G. § 1B1.3, was $75,108.60. The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. Finally, the defendant understands that the Court may reject any sentencing guideline calculation and that such rejection will not provide a basis for the defendant to attempt to withdraw his guilty plea.

5. The defendant agrees that the actual loss caused by the offense, including relevant conduct pursuant to U.S.S.G. § 1B1.3, was $75,108.60, and he agrees to pay restitution in that amount.

6. The defendant agrees to pay the $100 special assessments at the time of

sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7.  Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two level reduction under U.S.S.G. § 3E1.1(a) and, should the defendant's offense level be 16 or higher, further agrees to move for an additional one level reduction under U.S.S.G. § 3E1.1(b) based on the defendant's conduct to date.

8.  The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea for that reason.

9.  At sentencing, the Government agrees to move to dismiss Counts Two through Six of the Indictment that was returned against the defendant on May 23, 2006.

10. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                                COLM F. CONNOLLY
                                                United States Attorney

_____    BY:    _____
Anthony Omolewa                              Beth Moskow-Schnoll
Defendant                                         Assistant United States Attorney

_____
Christopher Koyste
Attorney for Defendant

Dated:

       **AND NOW,** this ___ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                      _____
                                      HONORABLE JOSEPH J. FARNAN, JR.
                                      United States District Court Judge